```
         UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
               AT CHARLESTON
```

MITCHELL BENNETT DUNN
and ESTHER MAE GIBSON,

    Plaintiffs,

v.                      Civil Action No. 2:14-25532

NICHOLAS COUNTY, WEST VIRGINIA
COUNTY COMMISSION
d/b/a NICHOLAS COUNTY
SHERIFF'S DEPARTMENT,
and DEPUTY JOHN DOE #1
individually and in his
official capacity,
and DEPUTY JOHN DOE #2
individually and in his
official capacity,
and CITY OF SUMMERSVILLE, WV
d/b/a SUMMERSVILLE POLICE
DEPARTMENT,
and OFFICER B.J. DODRILL
individually and in his
official capacity,

    Defendants.

## MEMORANDUM OPINION & ORDER

Pending is the motion to dismiss filed on November 14, 2014 by the City of Summersville (the "City") and Officer B.J. Dodrill (collectively, the "moving defendants").

I.

The plaintiffs, Mitchell Bennett Dunn and Esther Mae Gibson, are residents of Nicholas County, West Virginia. They

allege that members of the Nicholas County Sheriff's Department (including John Does 1 and 2) and Officer Dodrill of the Summersville Police Department illegally entered their home without a warrant on September 8, 2012, battered Dunn, and forced Gibson to disrobe before male officers.  Dunn and Gibson were both "taken into custody" at the scene.  Dunn was charged with being a felon in possession of a firearm, with "brandishing", and with "obstruction."  Gibson, too, was charged with obstruction.  Dunn pled guilty to the obstruction charge in December of 2012; the charge against Gibson was dismissed.

On September 8, 2014, the plaintiffs initiated this suit, charging the defendants with battery, intentional infliction of emotional distress, and violating rights protected by the West Virginia Constitution.  They also assert a claim under 42 U.S.C. § 1983 for violations of their rights under the Fourth Amendment of the Federal constitution.

The City and Officer Dodrill move to dismiss under Federal Rule of Civil Procedure 12(b)(5), arguing that they have not been properly served with process.  In support of their motion, the moving defendants attached the affidavit of Marsha Querrey, a secretary for Chief Jay Nowak, the City's Chief of Police.  Ms. Querrey attests that "an unknown man hand-delivered to [her] two copies of the Complaint and Summons in" this action

2

on October 29, 2014; however, she further states that she is "not the chief executive officer, mayor, city manager, recorder, clerk, treasurer, or a member of the City of Summerville's council or of its board of commissioners," is not "an officer, director, governor, or chief executive officer of the Summersville Police Department," and is "not authorized to accept service on behalf of" the City or Officer Dodrill.

The plaintiffs responded in opposition on November 26, 2014, attaching an affidavit made by their process server, Brett Cabell. Mr. Cabell attests that he arrived at the Summersville Police Department on October 29, 2014, and informed a woman seated at the front desk that he was "there to make service of process on Officer Dodrill and the police department." He further states that the woman "advised that she would accept the documents," identified herself as Marsha Querrey, and "stated she was the Clerk." The plaintiffs maintain that Mr. Cabell was entitled to rely in good faith on Ms. Querrey's representation. Alternatively, they urge that the moving defendants' motion was premature, because the 120-day window for serving process had not yet expired at the time the motion to dismiss was filed.

The District Clerk thereafter reissued summonses for the City and Officer Dodrill on December 11, 2014, but the docket reflects no subsequent proof of service on either of the

moving defendants. The City, but not Officer Dodrill, answered the plaintiffs' complaint on January 20, 2015.

II.

When a defendant moves to dismiss under Rule 12(b)(5) for "insufficient service of process," the plaintiff bears the burden of establishing that the contested service was in fact sufficient. See, e.g., <u>Dickerson v. Napolitano</u>, 604 F.3d 732, 752 (2d Cir. 2010); <u>Homer v. Jones-Bey</u>, 415 F.3d 748, 754 (7th Cir. 2005); <u>McCoy v. Norfolk So. Ry. Co.</u>, 858 F. Supp. 2d 639, 651-52 (S.D. W. Va. 2012). "A signed return of service constitutes prima facie evidence of valid service[.]" <u>Relational, LLC v. Hodges</u>, 627 F.3d 668, 672 (7th Cir. 2010). And because "a process server's affidavit of service is entitled to a presumption of correctness," it may be rebutted "only by 'strong and convincing' evidence." <u>Sikhs for Justice v. Badal</u>, 736 F.3d 743, 746 (7th Cir. 2013) (Posner, J.) (quoting <u>Hodges</u>, 627 F.3d at 672). Such evidence may be presented in affidavits and other documentary evidence, as well as deposition or oral testimony. 5B Charles Alan Wright, Arthur R. Miller, et al., <u>Federal Practice & Procedure</u> § 1353 (3d ed.). Factual issues presented by the parties' conflicting evidence, if not entwined with the merits of the case, are for the court to resolve. <u>Id.</u>;

4

see also Ballard v. PNC Fin. Servs. Grp., Inc., 620 F. Supp. 2d 733, 735 (S.D. W. Va. 2009).

If "the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction.  When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process."  Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984); see also Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963) ("[W]here actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4(d)(1) should be liberally construed[.]"); Sanderford v. Prudential Ins. Co. of Am., 902 F.2d 897, 900 (11th Cir. 1990) (Fed. R. Civ. P. 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint") (quoting United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)).  On the other hand, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored," particularly "when the means employed engender[] . . . confusion" or leave the parties served "without clear notice of the necessity to respond."  Armco, Inc., 733 F.2d at 1089.

5

III.

As relevant here, the plaintiffs could have served Officer Dodrill by delivering a copy of the summons and complaint to him personally or to an "agent authorized by appointment or law to receive service of process." See Fed. R. Civ. P. 4(e)(2)(C); see also id. 4(e)(1) (providing for personal service in compliance with state law) and W. Va. R. Civ. P. 4(d)(1)(C) (allowing service on an individual by delivering "a copy of the summons and complaint to an agent . . . authorized by appointment or statute to receive or accept service").  And they could have served the City by "delivering a copy of the summons and of the complaint to its chief executive officer," Fed. R. Civ. P. 4(j)(A), or by delivering those documents to the City's "mayor, city manager, recorder, clerk, treasurer, [] any member of its council or board of commissioners," or an agent authorized to receive service for one of those individuals, see id. 4(j)(B) (providing for service in the manner prescribed by state law) and W. Va. R. Civ. P. 4(d)(6)(A).

There's no dispute that a copy of the summons and complaint was delivered to Ms. Querrey, rather than to Officer Dodrill or to the City's mayor, city manager, recorder, clerk, treasurer, or council members.  The question, then, is whether

6

Ms. Querrey is an "agent" empowered by appointment or law to accept service on behalf of Officer Dodrill or the City. There's a dispute about that which can't be resolved on the basis of the affidavits. Ms. Querrey maintains that she is not authorized to accept service. Mr. Cabell attests that Ms. Querrey identified herself as "the Clerk" and "advised that she would accept" service on "Officer Dodrill and the police department." But, whatever the truth may be, there's little doubt that both the City and Officer Dodrill ultimately received the process, and with it sufficient notice of their duty to defend. Indeed, both the City and Officer Dodrill appeared by counsel and jointly moved to dismiss approximately two weeks after Mr. Cabell delivered process to Ms. Querrey at the police station. Quashing the service under these circumstances would result only in delay and unnecessary expense. See, e.g., Woodruff v. Thornsbury, No. 13-24001, 2013 WL 6670259, at *3-4 (S.D. W. Va. Dec. 18, 2013) (Copenhaver, J.) (denying Rule 12(b)(5) motion where defendant "received actual notice" and "sought dismissal"). Accordingly, it is ORDERED that the moving defendants' motion to dismiss for insufficient service of process be, and hereby is, denied.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: June 22, 2015

_____
John T. Copenhaver, Jr.
United States District Judge