```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON


MITCHELL BENNETT DUNN
and ESTHER MAE GIBSON,

        Plaintiffs,

v.                                   Civil Action No. 2:14-25532

NICHOLAS COUNTY, WV, COUNTY COMMISSION,
d/b/a NICHOLAS COUNTY SHERIFF'S DEPARTMENT,
DEPUTY JOHN DOE #1, individually
and in his official capacity, and
DEPUTY JOHN DOE #2, individually
and in his official capacity,

        Defendants.
```

## MEMORANDUM OPINION AND ORDER

Pending is the motion to reopen discovery, filed by plaintiffs Mitchell Bennett Dunn and Esther Mae Gibson (collectively, "plaintiffs"), by counsel, on April 13, 2016.

I.

Plaintiffs' former counsel "withdrew due to a life threatening illness and continues to receive treatment[.]" Reply ¶ 1; see also January 19, 2016, Order, p. 2 (acknowledging same). Former counsel moved to withdraw in December 2016. See Motion to Withdraw, Doc. No. 51. The motion was first heard on December 28, 2015, and was continued to January 19, 2016, when former counsel was allowed to withdraw. Plaintiffs were

eventually able to obtain new counsel, Mark Plants, who entered his appearance on April 13, 2016.

Although the court's December 24, 2014, scheduling order set the discovery deadline as July 31, 2015, plaintiffs request permission to conduct "limited [additional] discovery" prior to trial. Pl. Mem. ¶ 5. Specifically, plaintiffs "seek to depose the officers present the night of arrest." Reply ¶ 7. Plaintiffs assert that an extension of the discovery period to that end would "provide an opportunity to develop the case . . . [and] would not prejudice the [d]efendant[s.]" Pl. Mem. ¶ 9.

In response, the remaining defendants[1] -- the Nicholas County Commission and two John Doe sheriff's deputies -- contend that reopening discovery is unwarranted and would be prejudicial. In support of their position, the defendants observe that plaintiffs "waited until the eve of the statute of limitations to file the instant lawsuit," Response ¶ 2, and claim that plaintiffs' prior counsel "represented to the Court that he made a conscious decision to forego discovery in this matter, as part of his trial strategy," id. ¶ 7. The defendants further accuse plaintiffs of delaying in securing new counsel

---

1 Defendants City of Summersville, West Virginia, and Summersville police officer B.J. Dodrill were dismissed from this case on November 11, 2015. In this opinion, they are referred to collectively as "the Summersville defendants."

2

after the withdrawal of their previous counsel on January 19, 2016. Id. ¶ 11. Finally, the defendants assert that "[a]llowing plaintiffs a do-over at this late stage is unfair, will force [the defendants] to incur additional expenses," and is not warranted simply because new counsel disagrees with prior counsel's "strategy." Id.

## II.

Federal Rule of Civil Procedure 16 provides, in relevant part, that "[a] schedul[ing order] may be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Local R. Civ. P. 16.1(f)(1) (The "[t]ime limits in the scheduling order for the . . . completion of discovery . . . may be modified only for good cause by order."). The good cause standard "emphasizes the diligence of the party seeking amendment." RFT Mgmt. Co., LLC v. Powell, 607 F. App'x 238, 242 (4th Cir. 2015); see also 6A Wright & Miller, Federal Practice and Procedure § 1522.2 (3d ed.) (The good cause standard requires "the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence."); 3 Moore's Federal Practice § 15.14(1)(b), at 16–72 (Matthew Bender 3d ed.) ("[I]t seems clear that the factor on which courts are most likely to focus when making this determination is the relative diligence of the lawyer or lawyers who seek the change.").

III.

As noted, plaintiffs contend that, due to their former counsel's late withdrawal, as well as the attendant personal matters affecting his ability to represent them adequately before his withdrawal, discovery should be reopened.

The general rule is that a party to litigation "is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" Link v. Wabash Ry. Co., 370 U.S. 626, 634 (1962) (quoting Smith v. Ayer, 101 U.S. 320, 326 (1880)). Nevertheless, courts have long distinguished between "a client's accountability for his counsel's neglectful or negligent acts -- too often a normal part of representation -- and his responsibility for the more unusual circumstance of his attorney's extreme negligence or egregious conduct." Community Dental Svcs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002). The former conduct typically binds the client, whereas the latter, due to its extraordinary nature, often will not. See id.; Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 978 (3d Cir. 1978) (holding that, under certain circumstances, the "client should [not] suffer the ultimate sanction of losing his case without any consideration of the merits because of his attorney's neglect and inattention"); see also Shepard Claims

4

Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 195 (6th Cir. 1986) (same). This exception is most often applied in the context of motions seeking relief from judgment under Rule 60(b). Such motions require the movant to demonstrate "extraordinary circumstances" justifying relief. See Pioneer Inv. Svcs. v. Brunswick Assocs., L.P., 507 U.S. 380, 383 (1996).

Although motions under Rule 16 require the movant to show "good cause," the extraordinary circumstances standard has been described as "a close correlate of [the] good cause" standard. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). Consequently, serious neglect by an attorney has been found to constitute good cause sufficient to amend a scheduling order under Rule 16. See, e.g. Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D. 667, 673-74 (C.D. Cal. 2003) (citing Link, 370 U.S. 626, and Tani, 282 F.3d 1164).

Here, plaintiffs' former counsel engaged in practically no discovery, and failed to make a number of required disclosures, as the now-dismissed Summersville defendants have elsewhere pointed out. See Summersville Motion in Limine, Doc. No. 41 (complaining that plaintiffs' counsel "failed to provide [any Rule 26] disclosures . . . failed to make any effort to schedule the settlement meeting . . . [and]

5

failed to provide [the now-dismissed Summersville defendants] with their portion of the proposed pretrial order."); Summersville Motion to Deem Delinquent Request for Admissions Admitted, Doc. No. 27 (complaining that plaintiffs' counsel failed to provide Rule 36 responses, despite numerous reminders and informal extensions from [defense] counsel).

More troubling, former counsel neglected to take a deposition of any defendant or other person. During the attorney withdrawal hearing on December 28, 2016, former counsel for the first time presented this as a deliberate "strategy." This representation is highly dubious. Indeed, former counsel's failure to identify and depose the deputy John Doe defendants and those officers who may have observed their conduct has left the plaintiffs virtually disarmed.

Former counsel's neglect reached beyond the discovery process, as well. For instance, he failed to respond to the Summersville defendants' motion for summary judgment until reminded to do so by the court's clerk. See Response in Opposition to Motion to File Late Response, Exs. 1-2, Doc. No. 37. When it arrived, the response was unresponsive and cited no evidence in opposition. The court granted summary judgment to the moving defendants. See November 11, 2015, Order. Similarly, plaintiffs' portion of the proposed pretrial order

6

was untimely, incomplete, and contained extraneous, irrelevant material. See Pl. Proposed PTO, Doc. No. 43.

Although former counsel's difficulties now appear to have been caused by a grave illness, former counsel did not withdraw until nearly six months after the close of discovery, by which time the damage had been done. The court is not insensitive to the apparent cause of former counsel's neglectful conduct. However, the deficiencies in representation here are more serious than those "neglectful or negligent acts [of counsel] -- too often a normal part of representation," Tani, 282 F.3d at 1168 -- for which a litigant is held responsible. Indeed, they reach to and affect every aspect of this case and constitute extraordinary circumstances meriting relief.

The court finds that a modest extension of the discovery period, under the conditions set forth below, will not unduly prejudice the remaining defendants, who thus far have been subjected to virtually no plaintiff-requested discovery in this case. Considering the substantial problems relating to plaintiffs' prior attorney and his eventual withdrawal, and in the interest of justice, the court concludes that good cause exists to modify the scheduling order to permit additional, narrowly-limited discovery.

IV.

In light of the foregoing, the court ORDERS that discovery be, and it hereby is, reopened under the following terms:

- The plaintiffs may conduct as many as six depositions. It is noted that the City of Summersville filed in support of its aforementioned motion for summary judgment affidavits furnished by Summersville police chief Nowak and officer Dodrill, as well as a report authored by deputy sheriff Bennett.

- The extended discovery period shall begin immediately upon entry of this order and extend until June 17, 2016. The plaintiffs' new counsel is admonished to move swiftly.

It is further ORDERED that the remainder of this case shall proceed as follows:

| Deadline | Date |
|---|---|
| Discovery to close | 06/17/2016 |
| Settlement meeting | 06/24/2016 |
| Motion in limine deadline | 06/28/2016 |
| Responses for motions in limine | 07/05/2016 |
| Proposed pretrial order to defendant | 06/28/2016 |
| Integrated pretrial order | 07/05/2016 |
| Pretrial conference | 07/08/2016 10:30 AM |

8

| Proposed jury charge | 07/15/2016 |
| --- | --- |
| Final settlement conference | 07/25/2016 10:30 AM |
| Trial | 07/26/2016 9:30 AM |

The Clerk is requested to transmit copies of this order to all counsel of record and any unrepresented parties.

DATED: May 11, 2016

John T. Copenhaver, Jr.
United States District Judge

9